PC SCAN

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

RECEIVED
BI
5/14/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MARK URRUTIA B37120

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

DIRECTOR PRB: JIM MONTGOMERY
P/O: MANNING #5163
ABIGAIL MEDLOCK
KRYSTAL TYSON
D. POWELL G55
R. ALEXANDER A87

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

Case No: 1:25-cv-05346
Judge Elaine E. Bucklo
Magistrate Judge Gabriel A. Fuentes
PC 1
Random

(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

✓ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

_____ **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

1 of 67

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**I. Plaintiff(s):**

A. Name: MARK URRUTIA (er-oo-ti-ah)

B. List all aliases: ______

C. Prisoner identification number: B37120

D. Place of present confinement: VANDALIA C.C.

E. Address: 1874 U.S. 51 VANDALIA IL, 62471 P.O. Box 500

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II. Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: JIM MONTGOMERY

Title: DIRECTOR PRISONER REVIEW BOARD

Place of Employment: 1001 WALNUT OR 319 E. MADISON

B. Defendant: MANNING #5163

Title: ARRESTING PAROLE AGENT

Place of Employment: FIELD office Chicago IL

C. Defendant: ABIGAIL MEDLOCK

Title: CORRECTIONS / PRB OFFICIAL

Place of Employment: 319 E MADISON SPRINGFIELD IL

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2 of 67



[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(er-oo-ti-ah)

**I. Plaintiff(s):**

A. Name: Mark Urrutia

B. List all aliases: ———

C. Prisoner identification number: B37120

D. Place of present confinement: Vandalia C.C.

E. Address: 1874 U.S.51 Vandalia IL 62471

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II. Defendant(s):** CONTINUED

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

D. Defendant: KRYSTAL TISON

Title: Corrections/PRB OFFICIAL

Place of Employment: 319 E MADISON SPRINGFIELD IL

E. Defendant: D. Powell G55

Title: Corrections/PRB OFFICIAL

Place of Employment: 319 E Madison Springfield IL

F. Defendant: R. Alexander A87

Title: Corrections/PRB

Place of Employment: 319 E Madison Springfield IL

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2 CONT. of 67

*CONTINUED

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: ??

B. Approximate date of filing lawsuit: 20 yrs Ago?

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: HEALTH CARE OFFICIALS

D. List all defendants: HEALTH CARE OFFICIALS

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): SAME

F. Name of judge to whom case was assigned:

G. Basic claim made: Health Care ISSUES

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): WITHDREW BY PlAINTIFF

I. Approximate date of disposition: SOME 20yrs. Ago!

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

CIVIL RIGHTS COMPLAINT WITH JURY DEMAND

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**IV. Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

This is a 1983 action filed by Mark Urrutia #B37120, a state Prisoner alleging violations of his Constitutional Rights and seeking money damages, declatory judgement, and injunctive relief, Plaintiff request a trial by jury!

- JURISDICTION -

1) This is a civil rights action under 42 section 1983 U.S. Code. This Court has jurisdiction under 28 U.S.C. §1343, Plaintiff also invokes the Pendant Jurisdiction of this Court.

- PARTIES -

2) Plaintiff: Mark Urrutia is presently incarcerated at the State prison of Vandalia Illinois, IDOC# B37120.

3) Defendant: Jim Montgomery is the IDOC/Prisoner Review Board Administrative Director of the State and is responsible for the operation and management of the MSR/Revocation Process, distribution of MSR stipulation and those members of the Prisoner Review Board who are abusing their authority+discretion by holding hearings that violate the rights of any one individual and are



[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Contrary to the United States Constitution: All Defendants involved have acted under "COLOR OF STATE LAW" during all times relevant to this Complaint!

4) Defendant: Parole Officer Manning #5163, an officer of Defendant Montgomery is a Field Agent who illegally initiated arrest of Plaintiff! HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY!

5) Defendant: Abigail Medlock (Corrections/PRB officer): SHE IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY!

6) Defendant: Krystal Tison: (Corretions/PRB OFFICER) SHE IS BEING SUED IN HER INDIVIDUAL AND OFFICAL CAPACITY!

7.) Defendant: D. POWELL #955 (Corrections/PRB OFFICER) HE/SHE IS BEING SUED IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY!

8.) Defendant: R. ALEXANDER #A87 (Corrections/PRB officer). HE/SHE IS BEING SUED IN HIS/HER INDIVIDUAL AND OFFICIAL CAPACITY!

* ALL DEFENDANTS HAVE ACTED UNDER "COLOR OF STATE LAW" DURING ALL TIMES RELEVANT TO THIS COMPLAINT!

NOTE: MORE PAROLE OFFICIALS/Corrections officers MAY BE ADDED AS INFORMATION BECOMES AVAILABLE!



PARTIES CONTINUED!

# FACTS

9.) On 7/10/20 Plaintiff was released from Danville C.C. under the impression that he had (90) days of HOUSE ARREST to do while on a 4yr. MSR TERM for violation of a restraining order while in Public. (90) days some how turned into 4yrs? NO STIPULATIONS WERE EVER GIVEN AT SENTENCING OR APON RELEASE REGARDING ANY EXCLUSION ZONE LAW/RULES! [EXHIBIT A, E]

10.) On 6/28/24 with (11) days left to termination of MSR P/O MANNING #5763 made FALSE statements to C.P.D. accusing Plaintiff of assault to obtain a warrant for Petitioner's Arrest! NO NEW CHARGES WERE EVER FILED REGARDING ANY ASSAULT OR VIOLATION OF ANY EXCLUSION ZONE LAW/RULE [EXHIBIT C]

11.) On 7/11/24, Petitioner's Discharge date from MSR, HE went before Preliminary Parole Board and explained he was at work and was supposedly arrested for a movement issue, with no Knowledge of any exclusion Zone Cause I was never given any such stipulation in any understandable way! Petitioner was passed on to Revocation HEARING dated 7/31/24, NO MENTION OF ANY NEW CHARGES or PAST VIOLATIONS BEING the subject of the 7/31/24 hearing date! Petitioner explained per violation report and stipulations, GPS bracelet

Should have been removed back in October of 2020!

12) On 7/31/24 Petitioner went before Abigail Medlock and other members of the Prisoner Review Board under the impression his hearing was for a 6/28/24 movement issue, but was unknowingly being violated for a 10/11/21 incident that was (3) yrs. prior and that was supposedly withdrawn on 10/12/21! Petitioner never knew he was unlawfully being given another sentence of time added to his original determinate sentence of committment which expired 7/11/24, Petitioner was never AWOL/Absconded or caught a new case! [EXHIBIT A]

13) Days later after 7/31/24 hearing Petitioner received new calculation sheet in the prison mail indicating he now had (17) extra months of time added to his sentence of committment of 17yrs. @ 50% with a 4yr. MSR term/No new charges were ever filed regarding any assault or movement violation law. Petitioner was some (10) city blocks from restricted address on Order of Protection working as a Trucker delivering cargo. Petitioner alleges all Defendants acted with malicious and official misconduct using deliberate indifference denying him his United States Constitutional Rights of the 14th, 8th, 6th, and 5th amendments!

[

# — CLAIMS —

14.) The actions of Defendants in Paragraphs 3 through 8 denied Plaintiff Due Process of law in violation of the 14th Amendment!

15.) The actions of Defendants in paragraphs 3 through 8 violated Plaintiff's 8th Amendment right by subjecting him to Cruel and unusual Punishment by Sentencing him to added time in Prison outside his original discharge date of 7/11/24!

16.) The actions of Defendants in Paragraphs 3 through 8 Denied Plaintiff his 6th Amendment right to be informed of the nature and Cause of the accusation when he was misled to believe he was having a hearing on the present movement issue of 6/28/24, but was deliberately being violated for an incident 3 yrs. prior and given a new added sentence of 17 months on 7/31/24!

17.) The actions of Defendants in Paragraphs 3 through 8 Denied Plaintiff his 5th Amendment right of not being subjected to be put into jeopardy for the same offense twice, by adding extra time to his Sentence of Commitment!

# — RELIEF —

WHEREFORE Plaintiff Request this HONORABLE Court GRANT THE Following RELIEF:

A.) ISSUE A DECLATORY JUDGEMENT that DEFENDANTS VIOLATED the United States Constitution and STATE LAW WHEN THEY:

1.) Initially lied on 6/28/24 to obtain arrest!

2.) Used the ILLINOIS Prisoner Review Board Re-VOCATION Process to abuse their authority and used deliberate Indifference to obtain additional penalties in the form of extra time!

3.) Covered up evidence to make the Revocation Process look as though it had met legal standards required by law pertaining to any one person's rights!

4.) Used methods outside a court of law to subject a person to stipulations that are set up for violating a person's rights, namely exclusion zones not given by statute or a Court of law!

5.) That they follow the Constitution of the United States, the laws of Illinois, and their own Policy Directives namely 01.07.424, 01.07.466 [IDOC DIRECTIVES EXHIBIT ]

B.) ISSUE AN INJUNCTION Ordering Defendants and their Agency:

1) Immediately STOP ABUSING THIS PROCESS by Scheming to use the Parole/MSR Revocation

Hearings as a Tool exchanging Past dates for Current, without the Knowledge of any one individual! Countless People have been subjected to this unlawful process!

2.) Use only the present issues at hand and follow their own IDOC Directive 01.07.424 which states the issuance of a MSR Warrant tolls the running of the Sentence Credit, "STREET TIME"!

3.) IF returned as a technical violater any one individual shall receive all "STREET TIME" that was Completed according to Illinois Dept. Directive 01.07.424 as well as C.F.R. 28 2.52, 18 U.S.C. § 4210!

C. GRANT COMPENSATORY Damages in the following:

1) 100,000 paid to Plaintiff by JIM MONTGOMERY

2) 100,000 PAID to Plaintiff by P/O MANNING #5163

3) 100,000 PAID to Plaintiff by Abigail Medlock

4) 100,000 PAID to Plaintiff by Krystal Tison

5) 100,000 PAID to Plaintiff by D. Powell 655

6) 100,000 PAID to Plaintiff by R. ALEXANDER A87

D. GRANT PUNITIVE Damages of 100,000 against each of the Defendants!

E.) Grant any other Relief as it May appear Plaintiff is entitled!

Respectfully Submitted,

NAME: MARK URRUTIA #B37120

Signed: Mark Urrutia

1874 U.S. 51

Vandalia IL, 62471

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**V. Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

SEE PG (10)

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ________ day of May, 20 25

Mark Urrutia

(Signature of plaintiff or plaintiffs)

Mark Urrutia

(Print name)

B37120

(I.D. Number)

1874 U.S. 51 or P.O. Box 500

Vandalia IL 62471

(Address)

11 of 67



[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# PROOF OF DELIVERY

IN THE STATE OF ILLINOIS, CIRCUIT COURT

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.* #B37120

**PLAINTIFF/PETITIONER OR IN RE:** Mark Urrutia
*Who started the case.* *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** PRISONER REVIEW BOARD MEMBERS DIRECTOR, Jim MONTGOMERY
*Who the case was filed against.* *First, Middle, and Last Name, or Business Name*

**Case Number**

## PROOF OF DELIVERY

*Fill out the information below to show how you are sending the documents listed in A* ***to the other people in the case.*** *If a person in the case has a lawyer,* ***you must send the documents to their lawyer.***

**A.** I am sending this *Proof of Delivery* and the following court documents:
1983 Civil SUIT, IN FORMA PAUPERIS, Attorney Representation
*Name of Documents*

**To:**
Name: UNITED STATES DISTRICT COURT
*First* *Middle* *Last Name*
Address: 219 S DEARBORN Chicago IL 60604
*Street, Apt. #* *City* *State* *Zip Code*

Email Address: ____________________

**By:** ☐ Electronically to the email address in **A:**
☑ By email *(not through an EFSP).*
☐ Using an approved electronic filing service provider (EFSP).

☑ I or the person I am sending the document to do not have an email address. I am sending them by:
☑ Mail or third-party carrier to the address in **A**, with postage or delivery charge prepaid.

Location of mailbox or third-party carrier: ____________ ____________
*City* *State*

☐ Personal hand delivery at this address:
*NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*

Address ____________________
*Street, Apt. #, City, State, and Zip Code*

☑ Mail to the address in **A,** from a prison or jail: Vandalia C.C.
*Name of Prison or Jail*

**This document will be sent on:** Date: 5/14/25 Time: 1:00 PM
*Month, Day, Year* *Include AM or PM*

*Case Number:* ____________

**B.** ☐ I am not sending these documents to additional people.

**- OR -**

☐ I am sending these documents to an additional person not listed in **A**:

Name: ______________________________
*First* *Middle* *Last Name*

Address: ______________________________
*Street, Apt. #* *City* *State* *Zip Code*

Email Address: ______________________________

**By:** ☐ Electronically to the email address in **B**:

☐ By email *(not through an EFSP).*

☐ Using an approved electronic filing service provider (EFSP).

☐ I or the person I am sending the document to do not have an email address. I am sending them by:

☐ Mail or third-party carrier to the address in **B**, with postage or delivery charge prepaid.

Location of mailbox or third-party carrier: ______________ ______________
*City* *State*

☐ Personal hand delivery at this address:

*NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*

Address ______________________________
*Street, Apt. #, City, State, and Zip Code*

☐ Mail to the address in **B,** from a prison or jail: ______________________________
*Name of Prison or Jail*

**This document will be sent on:** Date: ______________ Time: ______________
*Month, Day, Year* *Include AM or PM*

---

## SIGN

Under 735 ILCS 5/1-109, your signature means that you:
1) certify that everything in this document is true and correct, and 2) understand that making a false statement on this form is perjury and has penalties provided by law.

If you are filling out this form online, sign your name by typing it. If you are filling out this form by hand, sign and print your name.

Your Signature /s/ Mark Urrutia Print Your Name Mark Urrutia

Your Address P.O. Box 500 Vandalia IL 62471
*Street, Apt. #* *City* *State* *Zip Code*

Your Phone Number ______________ Attorney Number (if any) Pro Se

Your Email (if you have one) ______________

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

ATTENTION U.S. DISTRICT CLERK

To: U.S. DISTRICT COURT
219 S. DEARBORN
Chicago IL, 60604

# COVER PAGE

PROOF OF SERVICE + INTRODUCTION

PAGES: 71

FROM: MARK URRUTIA B87126
P.O. BOX 500
VANDALIA IL, 62471
DATE: 5/14/25

* PLEASE SEND ALL CORRESPONDENCE TO VANDALIA LAW LIBRARY E-MAIL UNTIL I CAN OBTAIN MY OWN!!

THANK YOU!!

# - EXHIBITS -

1-A.) VIOLATION REPORT

2-B.) NEW CALCULATION W/ADDED TIME ALSO VERIFICATION OF INCARCERATION

3-C.) ARREST REPORT INDICATING "ASSAULT" WHICH HAS VANISHED / NO NEW CHARGE /

4-D.) 2 IDOC DIRECTIVES INDICATING WARRANT TOLLS SENTENCE CREDIT 01.07.424 / 01.07.446: TECHNICAL VIOLATORS RECIEVE ALL "STREET TIME"

5-E.) MITTIMUS: SENTENCE OF COMMITTMENT

6-F.) RELEASE AGREEMENT INDICATING NOTHING REGARDING EXCLUSION ZONES /

7-G.) FREEDOM OF INFORMATION RESPONSES FROM IDOC AND CHICAGO POLICE /

8-H.) NOTICE OF HEARING DATE: 7/31/24

9-I.) Copy of AppeaL Application AND Response from PRISONER REVIEW REGARDING ADDED TIME /

10-J.) Duties of PAROLE TO GIVE ALL STIPULATIONS IN WRITING; REVOCATION PROCESS /

11-K.) PRINTOUT MAILED TO ME FROM MAC ARTHUR JUSTICE REGARDING MSR AND REVOCATION PROCESS /

NOTE: PLAINTIFF HAS HAD NUMEROUS PAROLE OFFICIALS OVER THE COURSE OF 4 yrs. WHO WILL EVENTUALLY BE CALLED TO TESTIFY.

Crawford v. Walker

EXHIBIT I-A

ILLINOIS DEPARTMENT OF CORRECTIONS

# Parole Violation Report

## Section A: Violation Details

Parolee: Mark Urrutia  Alias: ______  ID#: B37120

Parent Facility: Stateville CC  County of Violation: Cook  Date of Birth: 6/11/1969

Gender: ☒ Male ☐ Female  Race: ☐ Caucasian ☐ African American ☐ Asian ☒ Hispanic ☐ Native American ☐ Other ______

FBI#: 191063FA5  I.R.#: 780161  CCJ#: ______

Release Date: 7/10/2020  Discharge Date: 7/11/2024  Violation Date: 6/28/2024

Custody Facility: Stateville NRC  Custody Date: ______

Offense(s): Violation of MSR Rules #16

IDOC Warrant #: WE2403958  Date Warrant Issued: 6/28/24

**List all arrests and/or alleged Parole/Mandatory Supervised Release violations that have occurred since the most recent release from IDOC custody. Include those that have had sanctions issued. NOTE: All boxes checked in the Notice of Charges section must be explained in detail in the narrative below** (include date, time, place and description of the violation; description and method of any weapons used; identity and injury to any victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information): On 6/28/2024 parolee Mark Urrutia B37120 has violated his MSR Rule #16 failure to comply with additional conditions of release in which parolee Urrutia entered an exclusion zone for prior victim while on GPS.

totally different # Danville

On 7/10/20 parolee Mark Urrutia Y58382 was released from Stateville Correctional Center to reside with his sister at 2840 S Tripp, Chicago 60623. Upon his release the parolee was mandated by the prisoner review board to comply with substance abuse counseling and GPS monitoring for 90 days. The initial face to face contact was conducted by agent Bond on 7/12/20 at 2840 S Tripp Chicago, IL 60623. This contact included a review of the rules of parole, a referral for substance abuse counseling, a state Id, birth certificate and social security card, and instructions to comply with electronic monitoring/GPS. The agent instructed the parolee to check in weekly with AMS, refrain from police contact and drug use, and to make himself available for his monthly visits with the agent. On 8/16/20, 8/21/20, 10/26/20, and 11/2/20 the parolee was instructed to refrain from traveling through the exclusion zone previously established for compliance with GPS. On 11/8/20 an IDOC Warrant was issued for failure to comply/low tracker battery. A diversion review face to face visit was conducted on 11/8/20 and parolee was given a verbal reprimand and warrant was withdrawn. On 4/5/21 the agent requested an amended PRB order for GPS/EM for duration due to Parole Urrutia inquiring about victim through victim's neighbor. GPS for duration was granted by the parole board on 4/14/21. On 5/18/21 the agent gave the parolee a verbal reprimand and specific instructions to not leave the state of Illinois. On 8/13/21 an IDOC Warrant was issued due to Parolee Urrutia leaving the inclusion zone and not answering his phone. On 8/15/21 warrant was withdrawn. On 9/20/21 an IDOC Warrant was issued due to low battery in which the parolee was diverted the same day. On 9/28/21 an IDOC Warrant was issued due to parolee failing to return from movement on time. Warrant was withdrawn on 9/29/21 and parolee was sanctioned by having movement restricted on Sundays. On 10/11/21 parolee had an IDOC Warrant issued due to leaving host site before approved movement began. Warrant was withdrawn on 10/12/21. On 11/1/21 parolee had an IDOC Warrant issued for failure to comply. Warrant was withdrawn on 11/1/21. On 6/28/24 Parolee Urrutia had an IDOC Warrant issued for entering exclusion zone while on GPS. Parolee Urrutia's last check in date was on 5/6/24. Parolees last face to face visit was conducted on 6/16/24. A LEADS check ran on 6/28/24 no new arrests during current MSR. End of report.

Answer the following questions only if the parolee was AWOL (absent without permission of the agent):

Was this parolee AWOL at the time of the violation? ☒ No ☐ Yes  Parolee has been AWOL since (support in your narrative):

Did the parolee make any contacts to AMS while AWOL? ☒ No ☐ Yes  If yes, dates of contacts:

Is this current arrest or alleged violation a sex-related or domestic-related offense? ☒ No ☐ Yes  Relationship to victim:

If yes, can the parolee return to the current host site? ☐ No ☐ Yes

**Attachments:** ☐ Sanction Form ☐ Police Report ☐ Other (specify):

I hereby declare that the facts of the alleged violations in this report are truthful to the best of my knowledge and belief.

EXHIBIT A CONT.

ILLINOIS DEPARTMENT OF CORRECTIONS
**Parole Violation Report**

Mark Urrutia — Parolee's Name    B37120 — ID#

**Section B: Notice of Charges of Alleged Parole or Mandatory Supervised Release Violations**

You are hereby notified that, as detailed on this form, you are charged with having committed the following violations of your conditions of Parole or Mandatory Supervised Release Agreement:

☐ 1. Violation of any criminal statute.
☐ 2. Possession of a firearm or other dangerous weapon
☐ 3. Failure to report to your agent (AWOL).
☐ 4. Failure to permit the agent to visit your host site, employment or elsewhere as determined necessary.
☐ 5. Failure to attend a program or reside in a facility established for the instruction or residence of persons on parole or mandatory supervised release
☐ 6. Failure to get permission before visiting or writing an parolee in an IDOC facility.
☐ 7. Failure to report all your arrests to an agent as soon as possible but in no event later than 24 hours after release from custody.
☐ 8. Failure to get your agent's permission before leaving the State of Illinois.
☐ 9. Failure to get your agent's permission before changing your residence or employment.
☐ 10. Failure to consent to a search of you, your property or areas of your residence that are under your control.
☐ 11. Use or possession of narcotics or other controlled substances in any form, or any paraphernalia related to those substances, or failure to submit to a urinalysis test as instructed.
☐ 12. Knowingly frequent places where controlled substances are illegally sold, used, distributed or administered.
☐ 13. Knowingly associating with other persons on parole or mandatory supervised release without prior written permission of your agent or knowingly associating with persons who are members of an organized street gang and the activity is not related to community programs, worship services, volunteering, engaging families, or some other pro-social activity in which there is no evidence of criminal intent.
☐ 14. Failure to provide true and accurate information to your agent about how you are adjusting to the community while on parole/mandatory supervised release, or to your conduct while you were incarcerated.
☐ 15. Failure to follow any specific instructions from your agent, specifically:
☒ 16. Failure to comply with the following additional conditions of release (PRB orders and/or Rules 17-37, be specific): failure to comply/GPS

You are entitled to a Preliminary Parole/Mandatory Supervised Release Violation Hearing before a neutral Hearing Officer to determine whether or not probable cause exists that you committed one or more of the violations checked above. You may present evidence and you may make a written request in advance of the hearing to present witnesses who can provide relevant information. You may appear and speak on your own behalf at this hearing and you may retain an attorney to represent you at the hearing. An attorney may be appointed to you at your request, provided you meet criteria established by the Illinois Prisoner Review Board.

Outside of Cook County, if probable cause on any new criminal charge is determined by the court prior to the hearing date, you are not entitled to a preliminary hearing.

☐ A. **Not eligible**: Probable cause has been found *in court* in ____________ County on ____________, 20__.

Your preliminary hearing is scheduled to be held on 7/11/24, 20__ at 9 ☒ a.m. ☐ p.m. at: NRC

**Note:** If probable cause is found at the preliminary parole revocation hearing, you may request that the hearing officer recommend to the Prisoner Review Board that the parole violation warrant be withdrawn pending a final parole revocation hearing.

You have the right to postpone or waive the hearing by initialing the appropriate box below:

☐ Initials — B. **Postpone.** I request that my preliminary hearing be postponed for up to 30 days from the date the warrant was served to permit me to obtain an attorney, witnesses or documents. I understand it is my responsibility to present these individuals or materials at my hearing on:

____________, 20____ at ________ ☐ a.m. ☐ p.m.

☐ Initials — C. **Request appointed attorney**: I request to be screened for eligibility for an appointed attorney in accordance with criteria established by the Illinois Prisoner Review Board.

☐ Initials — D. **Waive** (Illinois Parolees Only): I elect to waive my preliminary hearing with the understanding that I will be given a full revocation hearing before the Prisoner Review Board. This waiver does not mean that I admit I am guilty of any of the above violations.

☐ Initials — E. **Waive** (Adult Interstate Compact Only): I admit guilt to the following violations listed above: ____________, and waive my preliminary hearing for those counts.

I have received a copy of this Notice of Charges:

____________________ Parolee's Signature    on ___/___/___ Date

A copy of this notice was delivered to the alleged violator by:

A. MEDLOCK — Print Name    C/O — Title

A Medlock — Signature    on 7,02,24 — Date

Distribution: Parolee; Releasing Authority; Parolee's Case File; Parent Field Services Representative; AMS; Hearing Officer; if FOS, Interstate Compact

Page 3

Printed on Recycled Paper

38 of 67

DOC 0071 (Rev. 01/2022)

DIS [illegible] 2/20/24

EXHIBIT 2-B

n 214

Illinois Department of Corrections
MSR Violators Sentenced Under 1978 Law

NRC
Facility

Name: Urrutia, Mark ID: B37120 Date: 8-1-24

WARRANT DATE

(Step 1) (A) WS

| Yr. | Mo. | Day | |
|---|---|---|---|
| 24 | 6 | 28 | (Recustody/New Sentence Date) |
| - 21 | 10 | 11 | (Date D.A.V.) |
| 2 | 8 | 17 | (Time Lost - MSR Viol.) |

street time stripped away

yrs past to 1 Action

(Step 1) (B)

| Yr. | Mo. | Day | |
|---|---|---|---|
| | | | (Recustody/New Sentence Date) |
| - | | | (Date D.A.V.) |
| | | | (Time Lost - MSR Viol.) |

(Step 2)

| Yr. | Mo. | Day | |
|---|---|---|---|
| | | | (Time Lost-1st Viol.-A) |
| + | | | (Time Lost-2nd Viol.-B) |
| | | | (Total Time Lost) |

(Step 3) (Mittimus NO. 12CR17821(?) 12CR20770 13CR12802 12CR17009(?)
PROJECTED OUT DATE
17 yrs @ 50%

| Yr. | Mo. | Day | |
|---|---|---|---|
| 12 | 8 | 14 | (Custody Date) |
| + 8 | 6 | | (Sentence Less GCC/ESSC) |
| 20 | 2 | 14 | (Proj. Out Date) |
| + or - | 7 | 3 | (Previous Time - Lost/Awarded) |
| 20 | 7 | 11 | (Proj. Out Date) |
| + 4 | | | (MSR Term) |
| 24 | 7 | 11 | (Maximum Date) |
| + 2 | 8 | 17 | (Time Lost - MSR Viol.) |
| 27 | 3 | 28 | (Discharge Date) |

MAX Discharge

(Step 4)

| Yr. | Mo. | Day | |
|---|---|---|---|
| 26 27 | 12 3 | 28 | (Discharge Date) |
| - 24 | 6 | 28 | (Recustody/New Sentence Date) |
| 2 | 9 | | (Time to Serve) |
| - 1 | 4 | 15 | (GCC/ESSC) |
| 1 | 4 | 15 | (Time Left to Serve) |

(Step 5)

| Yr. | Mo. | Day | |
|---|---|---|---|
| 24 | 6 | 28 | (Recustody/New Sentence Date) |
| + 1 | 4 | 15 | (Time Left to Serve) |
| 25 | 11 | 13 | (Proj. Discharge Date) |

(Step 6)

| Yr. | Mo. | Day | |
|---|---|---|---|
| | | | (Proj. Discharge Date) |
| + | | | (Sentence Less GCC/ESSC) |
| | | | (Adj. Proj. Out Date) |

(Step 7)

| Yr. | Mo. | Day | |
|---|---|---|---|
| | | | (Release Date) |
| - | | | (Recustody/New Sentence Date) |
| | | | (GCC/ESSC) |

(Step 8)

| Yr. | Mo. | Day | |
|---|---|---|---|
| | | | (Discharge Date as in Step 3) |
| - | | | (GCC/ESSC) |
| | | | (Proj. Discharge Date) |

Projected Discharge/Out Date 11-13-25 Verified By [signature]
Calculated By MK Date Entered 8-2-24

Distribution: Individual in Custody, Master File Printed on Recycled Paper DOC 0631 (Rev. 2/2022)

New Discharge? EXTRA TIME ADDED

(5) 39 of 67 48

EXHIBIT 15 (CONT)

ILLINOIS DEPARTMENT OF CORRECTIONS

PAGE: 1

A... E: 9/30/2024

OFFENDER 360

RUN DATE: 9/30/2024

VERIFICATION OF INCARCERATION

RUN TIME: 3:14:34 PM

NAME : MARK URRUTIA

IDOC # : B37120

DATE OF BIRTH: 6/11/1969

LIVING UNIT : VAN:VAN:V:S:01:L3

| | |
|---|---|
| HOLDING MITT CUSTODY DATE | 8/14/2012 |
| DATE ENTERED DEPARTMENT OF CORRECTION | 6/29/2024 12:00 PM |
| DATE RECEIVED AT:VANDALIA | 8/28/2024 |
| PROJECTED DATE OF RELEASE FROM CUSTODY | 11/13/2025 |
| ACTUAL DATE OF RELEASE FROM CUSTODY | |
| TYPE OF RELEASE | D |

2/13/25

**********************************************************************************

| INDICTMENT # | OFFENSE | YEAR | MONTH | DAY |
|---|---|---|---|---|
| *03CR2425101 | VIOLATE ORDER PROTECTION 2ND+ - 00104225159 | 6 | 0 | 0 |
| *03CR2425001 | VIOLATE ORDER PROTECTION 2ND+ - 00104225159 | 6 | 0 | 0 |
| 14CR2027701 | VIO ORDER/PRIOR VIO OF ORDER - 00161437125 | 3 | 0 | 0 |
| 12CR1702001 | VIO ORDER/PRIOR VIO OF ORDER - 00161437125 | 4 | 0 | 0 |
| 12CR1701901 | VIO ORDER/PRIOR VIO OF ORDER - 00161437125 | 4 | 0 | 0 |
| 12CR1702101 | VIO ORDER/PRIOR VIO OF ORDER - 00161437125 | 6 | 0 | 0 |
| *09CR2235701 | VIO ORDER/PRIOR VIO OF ORDER - 00120206566 | 4 | 0 | 0 |
| *03CR2425001 | HOME INVASION/CAUSE INJURY - 09952005524 | 8 | 0 | 0 |
| *92CR6220 | CONT SUBS ACT-MFG/DEL - DOC00601605 | 6 | 0 | 0 |
| *92CR6220 | CONT SUBS ACT-MFG/DEL - DOC00581551 | 6 | 0 | 0 |

**********************************************************************************

| ALIAS/NICKNAMES | TYPE | EFFECTIVE DATE |
|---|---|---|
| RODRIGUEZ, MARK | Alias | 2/7/2005 |
| TONY, | Nickname | 6/7/1993 |
| URRETIA, MARK A. | Alias | 2/7/2005 |
| URRUTIA, MARK A. | Prior Commit Name | 1/28/2005 |
| URRUTIA, MART A. | Alias | 2/19/1993 |
| URRUTIA, MARY A. | Alias | 2/19/1993 |
| VRRUTIA, MARK A. | Alias | 2/19/1993 |

**********************************************************************************

NOTE: "*" DISCHARGED MITTS

(DATE) RECORDS OFFICE SUPERVISOR

VANDALIA CORR. CENTER

My discharge date was 7/11/24 I am now going on 9 EXTRA MONTHS OF TIME SPENT OVER MY DISCHARGE DATE! PLEASE HELP!!

CC : MASTERFILE

40 of 67

EXHIBIT 3-C

CHICAGO POLICE DEPARTMENT

# ARREST REPORT

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11. 420C(REV. 6/30)

**FINAL APPROVAL**

CB #: 30366565
IR #: 780161
YD #:

## ARREST REPORTING

**OFFENDER**

Name: **URRUTIA, Mark**
Res: 1623 W 16th St
Chicago, IL 60608
Unk
Beat: 1234
DOB: 11 June 1969
AGE: 55 years
POB: Illinois
ARMED WITH Unarmed

Male
Black
5' 07"
230 lbs
Brown Eyes
Black Hair
Bald Hair Style
Medium Brown
Complexion



**INCIDENT**

Arrest Date: 28 June 2024 10:28
TRR Completed? No
Location: 1623 W 16th St
Chicago, IL 60608
304 - Street
Beat: 1234
Holding Facility: Central Male Lockup
Resisted Arrest? No

Total No Arrested: 1
Co-Arrests
Assoc Cases
DCFS Ward ? No
Dependent Children? No

**CHARGES**

1 Offense As Cited 725 ILCS 5.0/110-3
ISSUANCE OF WARRANT
Class Z -

Victim

**RECOVERED NARCOTICS**

2 Different warrant #s

NO NARCOTICS RECOVERED

# W24E8817 Assault has since vanished!

IR # 780161

**WARRANT**

| Warrant No | Issue Date | Type | NCIC/ Leads No | Hold | Bond Amount | Case Docket No | County |
|---|---|---|---|---|---|---|---|
| W24G6117 | 28-JUN-24 | Parole / Mandatory Violation | | | | | |

Remarks: WARRANT WAS VERIFIED THROUGH EXTRADITION BY MAROOF H04732 # 19087

CB # 30366565

Print Generated By: [redacted]

41 of 67



powered by: CLEAR Technology

23 DEC 2024 12:15

EXHIBIT 3C CONT.

Chicago Police Department - ARREST Report

CB #: 30366565

URRUTIA, Mark

ARREST REPORTING

NON-OFFENDER(S)

ARRESTEE VEHICLE

NO ARRESTEE VEHICLE INFORMATION ENTERED

PROPERTIES

**Confiscated Properties :**

All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

| Inv # | Description | Inv # | Description |
|---|---|---|---|
| 15543264 | PRISONER JEWELRY | | |
| 15543267 | PRISONER PERSONAL PROPERTY - | | |

INCIDENT NARRATIVE

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)

EVENT# 05882 THIS IS A BWC RECORDED ARREST BY THE GREAT LAKES REGIONAL FUGITIVE TASK FORCE/CPD FUGITIVE APPREHENSION BEAT 5755A AND ILLINOIS DEPARTMENT OF CORRECTION. A/O'S WERE NOTIFIED BY IDOC PAROLE AGENT MANNING #5163 THAT THE ABOVE OFFENDER HAD AN ACTIVE PAROLE VIOLATION WARRANT (W24E8817), ISSUED ON 28-JUN-2024) FOR ASSAULT. ON TODAY'S DATE, WHILE ARMED WITH AN I-CLEAR MUGSHOT PHOTO (IR#780161), A/O AND IDOC AGENTS RELOCATED TO THE ADDRESS OF ARREST, IDOC AGENT MADE CONTACT WITH OFFENDER VIA PHONE WHO AGREED TO MEET AT SAID LOCATION WHERE AO AND IDOC AGENTS POSITIVELY IDENTIFIED OFFENDER AND PLACED HIM INTO CUSTODY WITHOUT INCIDENT. THE ABOVE OFFENDER WAS TRANSPORTED TO 001ST DISTRICT BY 5755A FOR FURTHER PROCESSING. THE WARRANT WAS VERIFIED THROUGH EXTRADITION BY MAROOF # 19087(HOLD # H04732, ISSUED). ABOVE OFFENDER IS CURRENTLY ON PAROLE, AND IS NOT ON PROBATION, NO OTHER WANTS/WARRANTS. INVESTIGATIVE ALERT CLEAR. PERSONAL PROPERTY INVENTORY #15543264 AND 15543267. A/O'S HAVE NO FURTHER KNOWLEDGE OF SAID WARRANT AND WILL NOT BE ATTENDING COURT. OFFENDER PLACED ONE PHONE CALL. PRISONER HAS NO USC ON HIS PERSON.

COURT INFO

**Desired Court Date:**
**Branch:**
**Court Sgt Handle?** No
**Initial Court Date:**
**Branch:** - Room
**Docket #:**

BOND INFO

**BOND INFORMATION NOT AVAILABLE**

42 of 67

Exhibit D
1/20/25
Copy
*

| | Illinois Department of Corrections<br>**Administrative Directive** | |
|---|---|---|
| Number:<br>**01.07.424** | Title:<br>**Mandatory Supervised Release Violators Sentenced Under 1978 Law** | Effective:<br>**2/1/2022** |

| **Authorized by:** | *[Original Authorized Copy on File]* **Rob Jeffreys** Director |
|---|---|
| **Supersedes:** | 01.07.424 effective 5/1/2021 |

| **Authority:**<br>730 ILCS 5/3-3-9 | **Related ACA Standards:**<br>5-ACI-1E-01 – 03, 5-ACI-1F-01, 02, 06 |
|---|---|
| **Referenced Policies:**<br>01.07.400 | **Referenced Forms:**<br>DOC 0631 – MSR Violators Sentenced Under 1978 Law |

## I. POLICY

The Department shall recalculate sentences of individuals who are returned as mandatory supervised release violators, awarding good conduct credits on the portion of the mandatory supervised release term not served in accordance with the procedure established in this directive.

## II. PROCEDURE

### A. Purpose

The purpose of this directive is to establish a written procedure for calculating sentences of mandatory supervised release violators.

### B. Applicability

This directive is applicable to all correctional facilities within the Department.

### C. Facility Reviews

A facility review of this directive is covered under the facility reviews conducted at least annually for Administrative Directive 01.07.400.

### D. General Provisions

1. The issuance of a mandatory supervised release (MSR) violation warrant tolls the running of the sentence credit. Sentence credit shall not be resumed until the date a revocation hearing is held by the Prisoner Review Board (PRB). The individual shall then receive credit for time spent in custody which was not credited against another sentence.

2. The period of time between the date the PRB declared the releasee a violator and the recustody date or the new sentence date shall be calculated as time lost as an MSR violator. To determine which date is appropriate, the following shall control.

   a. If the violator received a new sentence prior to his or her readmission to the Department, the custody time shall be credited to the new sentence and he or she shall receive credit on the original violation sentence from the date the new sentence was entered. The custody time shall also be credited in this manner if the violator was returned as a technical violator, writted to court and issued a new sentence prior to the PRB hearing on the violation.

43 of 67

EXHIBIT 4-D CONT.

| | Illinois Department of Corrections<br>Administrative Directive | Page 2 of 2 |
|---|---|---|
| Number:<br>01.07.424 | Title:<br>Mandatory Supervised Release Violators Sentenced Under 1978 Law | Effective:<br>2/1/2022 |

b. If the violator was returned as a technical violator without a new sentence, he or she shall receive credit for all custody time on the original violation sentence.

c. If the violator received a new sentence after his or her readmission to the Department and prior to the PRB hearing on the violation, the custody time shall be credited to the original violation sentence and he or she shall receive credit on the new sentence from the date it was entered, unless otherwise ordered by the court.

3. The PRB may enter an order of Mandatory Supervised Release (MSR) Resumed regarding an MSR violator. The release date may be prior to the projected discharge date calculated in Step 5 on the MSR Violators Sentenced Under 1978 Law, DOC 0631. The individual shall receive good conduct credits only on the portion of the MSR term served in custody. Therefore, in order to determine the discharge date, it shall be necessary to calculate Steps 7 and 8 and this shall negate Steps 4 and 5.

E. **Calculation**

1. Record the appropriate recustody date or new sentence date, whichever is applicable, and subtract the date declared a violator to determine time lost as an MSR violator. If there was more than one violation, complete Step 1(B).

2. Record the time lost as an MSR violator as determined in Step 1(A) and 1(B), as appropriate, and add to determine total time lost as an MSR violator.

3. Record the custody date as established in the master record file and add the sentence less good conduct credits to determine the projected out date. Add or subtract any previous time lost or awarded to determine the projected out date. Add the appropriate MSR term to determine the maximum date. Add the total time lost as an MSR violator to determine the discharge date.

4. Record the discharge date as determined in Step 3 and subtract the recustody date or new sentence date as determined in Step 1 to determine time to serve. Subtract good conduct credits to determine time left to serve.

5. Record the recustody date or new sentence date as determined in Step 1 and add the time left to serve as determined in Step 4 to determine the projected discharge date.

6. If a subsequent sentence is ordered consecutive to the violation, add the consecutive sentence less good conduct credits, if applicable, to the projected discharge date determined in Step 5.

**NOTE:** Steps 7 and 8 shall be calculated only if Paragraph II.D.3. applies.

7. Record the release date and subtract the recustody date or new sentence date as determined in Step 1 to determine good conduct credits.

8. Record the discharge date determined in Step 3 and subtract good conduct credits from Step 7 to determine the discharge date.

**NOTE:** The individual in custody shall be given a copy of the DOC 0631.

EXHIBIT 4-D CONT.

My copy

| Illinois Department of Corrections<br>Administrative Directive | | |
|---|---|---|
| Number: **01.07.446** | Title: **Parole Violator – Statutory Good Time** | Effective: **1/1/2022** |

| | | |
|---|---|---|
| **Authorized by:** | [Original Authorized Copy on File] | **Rob Jeffreys**<br>Director |
| **Supersedes:** | 01.07.446A-J effective 10/1/1996 | |

| | |
|---|---|
| **Authority:**<br>730 ILCS 5/3-3-9, 3-3-10(b), 3-6-3 and 5-8-1 | **Related ACA Standards:**<br>5-ACI-1E-01 – 03, 5-ACI-1F-01, 02, 06 |
| **Referenced Policies:**<br>01.07.400 | **Referenced Forms:**<br>DOC 0662 – Parole Violator – Statutory Good Time |

## I. POLICY

Individuals in custody who are returned as parole violators shall have their sentences calculated by awarding statutory and compensatory good time, provided this is the most advantageous rate, pursuant to the procedure established in this directive.

## II. PROCEDURE

### A. Purpose

The purpose of this directive is to establish a written procedure for calculating sentences of parole violators by crediting statutory and compensatory good time.

### B. Applicability

This directive is applicable to all correctional facilities within the Department.

### C. Facility Reviews

A facility review of this directive is covered under the facility reviews conducted at least annually for Administrative Directive 01.07.400.

### D. General Provisions

1. The issuance of a parole violation warrant tolls the running of the sentence credit. Sentence credit shall not be resumed until a revocation hearing is held by the Prisoner Review Board (PRB). The individual in custody shall then receive credit for time served in custody which was not credited against another sentence.

2. The period of time between the date the PRB declared the parolee a violator and the date of recustody (in the case of technical violators) or the date the new sentence was entered (in the case of a violator returned with a new sentence) shall be calculated as time lost as a parole violator. To determine whether the recustody or the new sentence date is appropriate, the following shall control:

   a. If the violator received a new sentence prior to his or her readmission to the Department, the custody time shall be credited to the new sentence and he or she shall receive credit on the original violation sentence from the date the new sentence was entered.

   b. If the violator was returned as a technical violator without a new sentence, he or she shall receive credit for all custody time on the original violation sentence.

45 of 67 Exh 8 Exhibit 4

EXHIBIT 4-D CONT

| | Illinois Department of Corrections<br>Administrative Directive | Page 2 of 2 |
|---|---|---|
| Number:<br>01.07.446 | Title:<br>Parole Violator – Statutory Good Time | Effective:<br>1/1/2022 |

c. If the violator received a new sentence after his or her readmission to the Department, the custody time shall be credited to the original violation sentence and he or she shall receive credit on the new sentence from the date it was entered, unless otherwise ordered by the court.

E. **Calculation**

1. All calculations required in accordance with this directive shall be completed with the Parole Violator – Statutory Good Time, DOC 0662.

2. To determine time lost as a parole violator, record the appropriate date of recustody or new sentence date as determined and subtract the date declared a violator. If there was more than one violation, complete Steps 1(B) and 1(C), as appropriate.

3. To determine the total time lost as a parole violator, record time lost as a parole violator as determined in Steps 1(A), 1(B) and 1(C) and add.

4. To determine the projected maximum date, record the old custody date as established in the master record file and add the sentence less statutory good time. Add or subtract any previous time awarded or lost. Add the appropriate statutory parole term if sentenced under the law in effect on or after January 1, 1973. Add the total time lost as a parole violator. Subtract compensatory good time as of the date the DOC 0662 is prepared.

5. This calculation shall be performed to establish a six-month mandatory release date if the parole violator is entitled to such. This date shall continue to reduce as further compensatory good time is earned. Record the projected maximum date from Step 3 and subtract six months, as this shall establish the six-month mandatory release date.

**NOTE:** Results of the calculations shall be shared with the individual in custody.

46 of 67

EXHIBIT E

1337120

IN THE CIRCUIT COURT OF COOK COUNTY

| | | | |
|---|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | CASE NUMBER | 12CR1701901 |
| V. | ) | DATE OF BIRTH | 06/11/69 |
| MARK URRUTIA | ) | DATE OF ARREST | 08/22/12 |
| Defendant | | IR NUMBER 0780161 | SID NUMBER 026078920 |

## ORDER OF COMMITMENT AND SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|---|---|---|---|---|
| 001 | 720-5/12-3.4(A)(1) | VIOLATE OP/OTHER PRIOR | YRS. 004 MOS.00 | 4 |

and said sentence shall run concurrent with count(s) ___ ___ ___ ___

___ ___ ___ YRS. ___ MOS. ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

___ ___ ___ YRS. ___ MOS. ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

___ ___ ___ YRS. ___ MOS. ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

___ ___ ___ YRS. ___ MOS. ___ ___

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

On Count ___ defendant having been convicted of a class _ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count 001 defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of ____ days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) ___ ___ ___ ___
AND: consecutive to the sentence imposed under case number(s)
___ ___ ___ 12CR1702001 12CR1702101 ___ ___

IT IS FURTHER ORDERED THAT COUNT 2 TO MERGE WITH COUNT 1.DNA ORDER.DAAR.4YRS MSR.CREDIT 625 DAYS AGGREGATED CREDIT.MITT TO ISSUE

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

ENTERED
JUDGE THADDEUS L. WILSON-1976
MAY 09 2014
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

DATED MAY 09, 2014 ENTER: 05/09/14

CERTIFIED BY M MIXON
DEPUTY CLERK

JUDGE: WILSON THADDEUS L 1976

GCPH 05/09/14 13:14:53 CCG N305

47 of 67

EXHIBIT "5-E" CONT.

B37120

IN THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS )
V. )
MARK URRUTIA )
Defendant

CASE NUMBER 12CR1702001
DATE OF BIRTH 06/11/69
DATE OF ARREST 08/22/12
IR NUMBER 0780161 SID NUMBER 026078920

ORDER OF COMMITMENT AND SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | | Class |
|---|---|---|---|---|---|
| 001 | 720-5/12-3.4(A)(1) | VIOLATE OP/OTHER PRIOR | YRS. 004 | MOS.00 | 4 |

and said sentence shall run concurrent with count(s)

| | | | YRS. | MOS. | |
|---|---|---|---|---|---|

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

| | | | YRS. | MOS. | |
|---|---|---|---|---|---|

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

| | | | YRS. | MOS. | |
|---|---|---|---|---|---|

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

| | | | YRS. | MOS. | |
|---|---|---|---|---|---|

and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

On Count defendant having been convicted of a class _ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count 001 defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of ____ days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s)
AND: consecutive to the sentence imposed under case number(s)
12CR1701901 12CR1702101

IT IS FURTHER ORDERED THAT COUNT 2 TO MERGE WITH COUNT 1.DNA ORDER.DAAR.4YRS MSR.CREDIT 625 DAYS AGGREAGTED CREDIT.MITT TO ISSUE

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

ENTERED
JUDGE THADDEUS L. WILSON-1976
MAY 09 2014
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

DATED MAY 09, 2014

ENTER: 05/09/14

1976

CERTIFIED BY M MIXON
DEPUTY CLERK

JUDGE: WILSON THADDEUS L 1976

GCPH 05/09/14 13:16:57

CCC N305

48 of 67

EXHIBIT "E" CONT. B37120 WIL

IN THE CIRCUIT COURT OF COOK COUNTY

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | CASE NUMBER 14CR2027701 |
| V. | ) | DATE OF BIRTH 06/17/69 |
| MARK URRUTIA | ) | DATE OF ARREST 00/00/00 |
| Defendant | | IR NUMBER 0780161 SID NUMBER 026078920 |

ORDER OF COMMITMENT AND SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|---|---|---|---|---|
| 001 | 720-5/12-3.4(A)(1) | VIO ORDER/PRIOR VIO OF ORDER | YRS. 003 MOS.00 | 4 |
| | and said sentence shall run concurrent with count(s) ___ ___ ___ ___ | | | |
| ___ | ___ | ___ | YRS. ___ MOS. ___ | ___ |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | |
| ___ | ___ | ___ | YRS ___ MOS. ___ | ___ |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | |
| ___ | ___ | ___ | YRS. ___ MOS. ___ | ___ |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on | | | |
| ___ | ___ | ___ | YRS ___ MOS. ___ | |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | |

On Count ___ defendant having been convicted of a class _ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of 0062 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) ___ ___ ___ ___
AND: consecutive to the sentence imposed under case number(s)
___ ___ 12CR17019 12CR17020 12CR17021 ___

IT IS FURTHER ORDERED THAT 4 YRS MSR / NO BAIL

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED JANUARY 22, 2015 ENTER 01/22/15
CERTIFIED BY S JENKINS
DEPUTY CLERK
VERIFIED BY

ENTERED
JUDGE MARY COLLEEN ROBERTS-1937
JAN 22 2015
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL
DEPUTY CLERK

JUDGE: ROBERTS MARY COLLEEN 1937

GCPE 01/22/15 11:22:21 CCG N305

49 of 67

EXHIBIT B-E CONT. B37420

IN THE CIRCUIT COURT OF COOK COUNTY

| | | | |
|---|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | CASE NUMBER | 12CR1702101 |
| V. | ) | DATE OF BIRTH | 06/11/69 |
| MARK URRUTIA | ) | DATE OF ARREST | 08/22/12 |
| Defendant | | IR NUMBER 0780161 | SID NUMBER 026078920 |

ORDER OF COMMITMENT AND SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The above named defendant having been adjudged guilty of the offense(s) enumerated below is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | | Class |
|---|---|---|---|---|---|
| 002 | 720-5/12-3.4(A)(1) | VIOLATE ORDER/PRIOR DOM BTRY | YRS. 006 | MOS.00 | 4 |
| | and said sentence shall run concurrent with count(s) | | | | |
| | | | YRS. | MOS. | |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | | |
| | | | YRS. | MOS. | |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | | |
| | | | YRS. | MOS. | |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | | |
| | | | YRS. | MOS. | |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | | |

On Count defendant having been convicted of a class _ offense is sentenced as a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count 002 defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served in custody for a total credit of ____ days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with the sentence imposed in case number(s) ______
AND: consecutive to the sentence imposed under case number(s)
12CR1701901 12CR1702001

IT IS FURTHER ORDERED THAT COUNT 3 TO MERGE WITH COUNT 2.DNA ORDER.DAAR.4YRS MSR.CREDIT 625 DAYS AGGREGATED CREDIT.MITT TO ISSUE

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

ENTERED
JUDGE THADDEUS L. WILSON-1976
MAY 09 2014
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL
DEPUTY CLERK

DATED MAY 09, 2014 ENTER: 05/09/14

CERTIFIED BY M MIXON
DEPUTY CLERK

JUDGE: WILSON THADDEUS L 1976

GCPH 05/09/14 13:18:19

CCG N305

ILLINOIS DEPARTMENT OF CORRECTIONS

PRISONER REVIEW BOARD

## Parole or Mandatory Supervised Release Agr

16. You shall also comply with any additional conditions the Prisoner Review Boarday set as a condition of your parole or mandatory supervised release including, but not limited to:

PENDING

NO EXCLUSION ZONES

**In addition to rules 1-16, the following shall apply to those individuals whonvicted of a Violation of Order of Protection on or after January 1, 2009.**

17. You will be placed under electronic surveillance and monitored by a global posvice; and

18. You shall refrain from having any contact, written or oral communication, directctly, personally or by telephone, letter, electronic communication, or through a third party with the vivictim's family without prior written approval of an agent of the Department of Corrections.

**In addition to rules 1-16, the following shall apply to those individuals whonvicted of a violation of the Methamphetamine Control and Community Protection Act, the Methamne Precursor Control Act, or a methamphetamine related offense.**

19. You are prohibited from purchasing, possessing, or having under your controlct containing pseudoephedrine unless prescribe by a physician; and

20. You are prohibited from purchasing, possessing, or having under your controlct containing ammonium nitrate.

**In addition to rules 1-16, the following shall apply to sex offenders.**

21. You shall undergo and successfully complete sex offender treatment conductemance with the standards developed by the Illinois Sex Offender Management Board by an approved prs may include submission to polygraph examination if deemed necessary by the treatment provider and theg agent;

22. You shall refrain from residing at the same address or in the same condominient unit or in the same condominium/apartment complex with another person you know or should knovicted sex offender or who has been placed under supervision for such unless the facility is a Departmenions licensed transitional housing facility for sex offender or the facility is licensed or operated by the Dof Human Services or the Department of Children and Family Services;

23. You shall be monitored with an approved global positioning system (GPS) deare convicted of an offense that would qualify you as a sexual predator on or after January 1, 2007 or if yonvicted of Criminal Sexual Abuse which was committed on or after August 22, 2009 when the victim wasyears of age at the time of the commission of the offense and you used force or threat of force during the coof the offense. The Prisoner Review Board has the discretion to order GPS for other sex offenders;

24. You shall refrain from participating in a holiday event involving children under18 unless you are the parent or guardian of a person under the age of 18 and that person is approved to bthehome and no non-familial minors are present. Events include distributing candy or other items to childreveen, wearing a Santa Claus costume on or preceding Christmas, being employed as a department store S, or wearing an Easter Bunny costume on or preceding Easter;

25. You shall refrain from having any contact, including written or oral communicly orindirectly, personally or by telephone, letter, or through a third party with the victim or the victim's famhe prior written approval of an agent of the Department of Corrections;

26. You shall refrain from all contact, directly or indirectly, personally, by telephor through a third party, with minor children without prior identification and approval of an agent of the DerCorrections;



EXHIBIT F

5F67

JB Pritzker
Governor

EXHIBIT 7-G IDOC FOIA

Latoya Hughes
Acting Director

**The Illinois Department of Corrections**

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

January 14, 2025

Mark Urrutia, B37120
Vandalia Correctional Center
Route 51 North, Box 500
Vandalia, IL 62471

**Re: Freedom of Information Request #250102007**

This letter is in response to your request to the Illinois Department of Corrections ("IDOC") pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq.

You have requested all the following:

1. All documents pertaining to violation reports, infractions, warrants, records of good conduct, parole agents, along with dates assigned to your person for MSR duration from your release from Danville Correctional Center 7/10/20 until your re-custody date of 6/28/24.

2. Original parole stipulations report provided when you were released 7/10/20.

3. Transcripts of parole/MSR hearing dates 7/11/24 and 7/31/24 held at Stateville Correctional Center.

Response: Your request is denied pursuant Section 7(1)(a) of the Freedom of Information Act which exempts the release of "Information specifically prohibited from disclosure by Federal or State law or rules and regulations implementing Federal or State law." 730 ILCS 5/3-5-1(b) states the master record files of committed persons shall be confidential and access shall be limited to authorized persons. Specifically, "evaluation and assignment reports and recommendations" are exempt from release pursuant to 730 ILCS 5/3-5-1(a)(3) and "other information that the respective Department determines is relevant to the secure confinement and rehabilitation of the committed person" is exempt from release pursuant to 730 ILCS 5/3-5-1(a)(13).

In the event you view this response as a denial of your request, you have a right to have the denial reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General. 5 ILCS 140/9.5(a). You can file your request for review with the PAC to:

EXHIBIT 7-G CONT.

Public Access Counselor
Office of the Attorney General
500 South 2nd Street
Springfield, Illinois 62706

You also have the right to seek judicial review of your denial by filing a lawsuit in the state circuit court, pursuant to 5 ILCS 140/11.

If you choose to file a request for review with the PAC, you must do so within 60 calendar days of the date of this denial letter (5 ILCS 140/9.5(a)). Please note that you must include a copy of your original FOIA request and this denial letter when filing a request for review with the PAC.

Sincerely,
Maggie Meikle
Freedom of Information Officer

**Brandon Johnson**
Mayor

**Department of Police · City of Chicago**
3510 S. Michigan Avenue · Chicago, Illinois 60653

**Larry Snelling**
Superintendent of Police

February 5, 2025

Mark Urrutia - B#37120
PO BOX 500
Vandalia, IL 62471

**RE: NOTICE OF RESPONSE TO FOIA REQUEST**
**FOIA FILE NO.: P019910-012525**

Dear Mark Urrutia:

The Chicago Police Department is in receipt of your Freedom of Information Act (FOIA) request for the following:

Regarding the response you mailed dated 12/23/24, you mailed me a police report with (2) different warrant #s on the same date?
One warrant # is W24G6117 Parole/Mandatory Violation, and the other warrant is # W24E8817 Assault! What has become of this Assault warrant? I was never charged with any Assault, so how did I have a warrant for Assault?
Please any information you can provide would be greatly appreciated!

Your request was reviewed by the undersigned. It is determined that you seek answers to the above questions. Please note, that FOIA requires the City to provide records, according to Section 5ILCS140/3(a) (Each public body shall make available all public records, except as otherwise provided in section 7 of this act). FOIA does not require the public body to create new records, conduct research, analyze data, interpret, answer questions or advise requesters as to the meaning or significance of public records. The Court, in *Kenyon v. Garrels*, 184 ILL. App. 3rd 28(4th Dist. 1989) noted that FOIA does not compel the agency to provide answers to questions posed by the inquirer.

If you wish to resubmit a new request, please specify the public records you are seeking. If CPD retains those records, we are happy to provide them to you, if possible, within the parameters of the FOIA guidelines.

If I can be of further assistance, please contact me at the following address:

Chicago Police Department
Attention: Freedom of Information
Office of Legal Affairs, Unit 114
3510 S. Michigan Avenue
Chicago, IL 60653
foia@chicagopolice.org

You have a right of review by the Illinois Attorney General's Public Access Counselor, who can be contacted at 500 S. Second St., Springfield, IL 62706 or by telephone at 877-299-3642. You may also seek judicial review in the Circuit Court of Cook County under 5 ILCS 140/11.

Sincerely,

P. Edwards
Sergeant
Chicago Police Department
Office of Legal Affairs, Unit 114
3510 S. Michigan Ave.
Chicago, IL 60653

EXHIBIT 8-H

N214

**PRISONER REVIEW BOARD**
**Notice of Parole/MSR Violation Hearing**

**Date: July 22, 2024**

**To: URRUTIA, MARK B37120**

You are hereby notified of your parole/MSR violation hearing on alleged charges, for which you have previously been served notice, of violating conditions of parole/MSR.

The hearing is scheduled for: **Wednesday, July 31, 2024,** at **9:00a.m.**
(Date)* (Time)

At: **NRC CORRECTIONAL CENTER**
(Correctional Facility)

You are responsible for presentation of documents, witnesses, and other evidence in your defense at this hearing. Please be prepared for your hearing at the time indicated above. Your hearing date is as stated above unless you are transferred to a new Illinois Department of Corrections facility. Should you be transferred, you will receive a new notice and date of hearing.

If you are to be represented by an attorney or wish to have witnesses present, they must make an appointment with our office **(217 782-7273)** within 5 business days of date noted above to allow the attorney or witnesses to testify in the above-scheduled hearing date, or they will not be allowed to be present at your hearing. All attorneys and witnesses are subject to approval from the Illinois Department of Corrections **before** being allowed to be present.

Note: The Illinois Prisoner Review Board Members **DO NOT** calculate time for your discharge date. Do not ask Members when your release date will be. **ALL** time calculations are the responsibility of the Illinois Department of Corrections' Record Office staff. Release dates are not official until you receive the calculation sheet from IDOC Records.

...o IDOC Records for distribution to offender)

Warden Charles Truitt

7/1/22

55 of 67

EXHIBIT 9-I

# ILLINOIS PRISONER REVIEW BOARD
## Final Revocation Appeal Process

The Individual in custody or the Individual's attorney may appeal a final Mandatory Supervised Release/Parole/Release decision of the Prisoner Review Board.

**INSTRUCTIONS:**

A. An appeal of the decision regarding Mandatory Supervised Release/Parole violation must be filed within 30 days of the decision.

B. If parole was revoked, the Individual in custody shall remain in custody during the appeal.

C. The appeal must state why the Board's decision is being appealed and must be sent to the Prisoner Review Board's office at **319 E. Madison Street, Suite A, Springfield, IL 62701, Attn: Office Administrator of (insert *the name of facility in which the hearing was held*).**

D. The appeal must include the Individual in custody's name, Individual in custody number, the date and location of the Individual in custody hearing.
   1. The appeal cannot be more than 10 pages in length. The Chairman of the Prisoner Review Board may, in his or her discretion, authorize petitioner to submit additional pages upon request.
   2. The Prisoner Review Board has created a form that may be used for appeal, but it is not required that this form be used.
   3. The appeal is limited only to the evidence presented at the hearing.
   4. The following questions may be raised on appeal from a revocation proceeding: (a) errors in law; (b) errors in procedure that prevented the Individual in custody from having a fair revocation hearing; and (c) an abuse of discretion by the revocation panel; and (d) an arbitrary and capricious decision by the revocation panel.

E. Three Members of the Board, excluding Board Members who conducted the revocation proceeding, shall review the record within 21 working days upon receipt of the appeal. The appeals decision shall be made by a majority of the Appeals Panel

F. The standard that the second panel shall use is whether the first abused their discretion and made an improper decision.

G. Oral arguments in support of the motion will not be permitted.

H. The decision shall be made in a closed session.

I. Decisions of the Appeals Panel are final.

J. The Prisoner Review Board shall notify the Individual in custody or Individual in custody's attorney of their decision in writing within 10 working days after such decision has been made. The written decision shall include a brief explanation of the decision.

K. The appeals panel may approve or deny the decision. If the appeals panel determines that the Individual in custody should receive a new hearing, the Individual in custody shall be placed on the subsequent docket for hearing, and the Individual in custody and/or his attorney shall be notified.

EXHIBIT 9-I CONT. 8/29/24

STATE OF ILLINOIS

**PRISONER REVIEW BOARD**

INDIVIDUAL IN CUSTODY REVOCATION APPEAL FORM

| | |
|---|---|
| Request of appeal in the case of: Mark Urrutia | |
| Name (Last, First): Mark Urrutia | IDOC Number: B37120 |
| **Attorney Name:** Mark Urrutia | **Attorney Signature:** Mark Urrutia |

**State briefly your reason for request: (Attach any necessary documentation to this form)**

DATE OF BOARD DECISION BEING APPEALED: 7/31/24

LOCATION OF BOARD DECISION BEING APPEALED: STATEVILLE C.C

My person was violated on 7/31/24 for an incident that happened 10/11/21! I checked in every month after this fact with a parole agent, phoned in every week and held down a job for the duration of my case! On 6/28/24 I was violated for movement restriction while on GPS but was violated for an incident way back in 2021 after being allowed to proceed with my freedom! I am now scheduled to be released 11/13/25!! How can I be violated for something in 2021 and was not considered AWOL?? This is a travesty of justice and need this outrageous decision Appeal!! PLEASE HELP!! PLEASE HELP!! Discharge Date was 7/11/24

**DO NO WRITE BELOW THIS LINE - FOR BOARD USE ONLY**

**Date of Board Appeal:**

**Previous Board Decision:**

☐ **REHEARING GRANTED TO** ________ **DOCKET**

☐ **APPEAL DENIED**
(Rationale needed on next page)



57 of 67

EXHIBIT
9-I CONT.

RECEIVED
AUG 08 2024
PRISONER REVIEW BOARD

To Whom IT MAY Concern: 8/4/24

NRC

My name is Mark Urrutia B37120 I am writing you from Stateville C.C hoping someone can explain a serious problem I am having regarding my Parole/MSR STATUS??
I was released from Danville C.C. 7/10/20 and given 4yrs MSR For (3) cases 12CR17021, 17020, 17019 and was told by Parole stipulations that I would only have to do (90) days house arrest. I was never released from House Arrest/GPS and on 4/5/21 some email was supposedly sent by victim which according to Parole violation report placed me on House Arrest/GPS for duration of MSR some (6) months after I should have been released from H/A! 10/4/21 I left H/S 5-10 minutes early and was excused by P/O Walker and given 15 minutes extra due to work! I was allowed to continue on with my freedom and on 6/28/24 was arrested for driving through an exclusion zone for which I was never given in writing or established in any kind of cognitive way! On 7/31/24 I saw Parole Board + explained this to an Abigail Medlock that I should have been discharged from MSR 7/11/24 and that I only had (11) days left to terminate my MSR! On 8/1/24 I received a calculation sheet indicating I was violated way back to 10/4/21 after checking in every month, phoning in every week, and having a job for 4yrs and apartment for 3 I was stripped of my freedom + time I already completed on Parole and now im supposed to be released 11/13/25!! How is it possible to be violated for a 10/4/21 incident some (3) yrs later without being AWOL?? How can I be violated for yrs. of

58 of 67

EXHIBIT 9-I CONT.

checking in and being seen monthly by every P/O that was assigned to me?? Can someone please write me and tell me what kind of system is claiming rehabilitation but robbing a person of time well spent constructively I was never violated back on 10/11/21 so why or how can I be violated for this incident on 7/31/24??

Can someone please write me to let me know how this can be cause now I've lost my freedom, I've lost my job I've lost my apartment, and my credit is now destroyed because of an incident that I was excused for back in 2021.

I HOPE + PRAY TO HEAR FROM YOUR OFFICE IN THE NEAR FUTURE WITH SOME HOPEFUL explanation of this madness I've explained.

Anyway THANK YOU FOR YOUR TIME + I AWAIT YOUR RESPONSE SHOCKED, FRUSTRATED, AND IN DISBELIEF THAT THIS IS EVEN POSSIBLE BY THOSE WHO ARE ENTRUSTED TO UPHOLD THE LAW + DO WHAT IS FAIR, RIGHT AND JUST!!

Sincerely
Mark Unintu B37120

EXHIBIT 9-I CONT

STATE OF ILLINOIS
JB PRITZKER, GOVERNOR
**PRISONER REVIEW BOARD**

Pg. 60 of 67

***PRISONER REVIEW BOARD CORRESPONDENCE ROUTING SHEET***

NAME: Mark Urrutia IDOC#: B37120 FACILITY:

Your letter was received by the Illinois Prisoner Review Board. Below you will find a response to your request, or your correspondence may be attached returning it to you for the following reason (Please route your request accordingly):

☐ This request is out of the jurisdiction of the Illinois Prisoner Review Board.

☒ Time Calculations are done by the holding facility Records Office. Note: The Board uses the *"date of occurrence"* for the violation date ***NOT*** the date of warrant issued or sentence date unless otherwise stated on board order.

☐ The Illinois Department of Corrections Transfer Coordinator handles Transfer requests/Electronic Home Monitoring program.

☐ Request for Meritorious Good Conduct Credits or denial of such credits should be directed to your counselor or the Transfer Coordinator's office at the Illinois Department of Corrections. The Prisoner Review Board does not govern the Adjustment committee in regards to these credits.

☐ Illinois Department of Corrections Inmate Issues Office must submit request for Restoration of Good Conduct Credits to this office upon approval from the Institution. Any request denied at either of those levels ***CANNOT*** be addressed by the PRB.

☐ Incorrect case information must be addressed with the Records Office of the holding facility.

☐ Your Parole Agent must request any changes to your Mandatory Supervised Release order in writing to this office.

1301 Concordia ct
po Box 19277
Springfield IL 62794-9277

IDOC Director Latoya Hughes 217 558 2200
Deputy Director
Alyssa Williams

1) Approval Institution
2) OFFICE ISSUES
3) PRB ??

Vid 360

EXHIBIT 9-I

STATE OF ILLINOIS
JB PRITZKER, GOVERNOR
**PRISONER REVIEW BOARD** CONT.

☐ **55 and Older EHD:** 730 ILCS 5/5-8A-3 (d) A person serving a sentence for conviction of an offense other than for predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse, or felony criminal sexual abuse, may be placed in an electronic home detention program for a period not to exceed the last 12 months of incarceration, provided that (i) the person is 55 years of age or older; (ii) the person is serving a determinate sentence; (iii) the person has served at least 25% of the sentenced prison term; and (iv) placement in an electronic home detention program is approved by the Prisoner Review Board. **At this time our office does not have a request from the Department.**

☐ **Elderly Rehabilitated Prisoner Supervised Release Program:** HB 3816 (730 ILCS 5/3-3-3.1 new) has not passed the General Assembly and is therefore not in effect.

☐ **SAFE-T Act/Reduced MSR:** This law is now effective July 1, 2022 for those individuals who were sentenced on or after July 1, 2021. All MSR time is considered in place until such time has been reached and the criteria has been met.

☒ **OTHER:** The IPRB has the Authority to use ANY date within the violation report as a Violation date

Date: 8.12.24

[signature]

61 of 67

319 E. MADISON STREET, SUITE A / SPRINGFIELD, ILLINOIS 62701 / (217) 782-7273 Fax: (217) 524-0012
www.illinois.gov/prb

Case: 1:25-cv-05346 Document #: 1 Filed: 05/14/25 Page 43 of 47 PageID #:43

730 ILCS 5/3-3-9

EXHIBIT 10-J



718, § 130, eff. Jan. 1, 2015; P.A. 99–268, § 10, eff. Jan. 1, 2016; P.A. 99–628, § 30, eff. Jan. 1, 2017; P.A. 100–3, § 35, eff. Jan. 1, 2018; P.A. 103–271, § 5, eff. Jan. 1, 2024.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 1003–3–8.

For a report on the fiscal impact of the implementation of P.A. 90–590, see the note under 20 ILCS 505/35.1.

### 5/3–3–9. Violations; changes of conditions; preliminary hearing; revocation of parole or mandatory supervised release; revocation hearing

§ 3–3–9. Violations; changes of conditions; preliminary hearing; revocation of parole or mandatory supervised release; revocation hearing.

(a) If prior to expiration or termination of the term of parole or mandatory supervised release, a person violates a condition set by the Prisoner Review Board or a condition of parole or mandatory supervised release under Section 3–3–7 of this Code to govern that term, the Board may:

(1) continue the existing term, with or without modifying or enlarging the conditions; or

(1.5) for those released as a result of youthful offender parole as set forth in Section 5–4.5–115 of this Code, order that the inmate be subsequently rereleased to serve a specified mandatory supervised release term not to exceed the full term permitted under the provisions of Section 5–4.5–115 and subsection (d) of Section 5–8–1 of this Code and may modify or enlarge the conditions of the release as the Board deems proper; or

(2) parole or release the person to a half-way house; or

(3) revoke the parole or mandatory supervised release and reconfine the person for a term computed in the following manner:

(i)(A) For those sentenced under the law in effect prior to this amendatory Act of 1977, the recommitment shall be for any portion of the imposed maximum term of imprisonment or confinement which had not been served at the time of parole and the parole term, less the time elapsed between the parole of the person and the commission of the violation for which parole was revoked;

(B) Except as set forth in paragraphs (C) and (D), for those subject to mandatory supervised release under paragraph (d) of Section 5–8–1 of this Code, the recommitment shall be for the total mandatory supervised release term, less the time elapsed between the release of the person and the commission of the violation for which mandatory supervised release is revoked. The Board may also order that a prisoner serve up to one year of the sentence imposed by the court which was not served due to the accumulation of sentence credit;

(C) For those subject to sex offender supervision under clause (d)(4) of Section 5–8–1 of this Code, the reconfinement period for violations of clauses (a)(3) through (b–1)(15) of Section 3–3–7 shall not exceed 2 years from the date of reconfinement;

(D) For those released as a result of youthful offender parole as set forth in Section 5–4.5–115 of this Code, the reconfinement period shall be for the total mandatory supervised release term, less the time elapsed between the release of the person and the commission of the violation for which mandatory supervised release is revoked. The Board may also order that a prisoner serve up to one year of the mandatory supervised release term previously earned. The Board may also order that the inmate be subsequently rereleased to serve a specified mandatory supervised release term not to exceed the full term permitted under the provisions of Section 5–4.5–115 and subsection (d) of Section 5–8–1 of this Code and may modify or enlarge the conditions of the release as the Board deems proper;

(ii) the person shall be given credit against the term of reimprisonment or reconfinement for time spent in custody since he or she was paroled or released which has not been credited against another sentence or period of confinement;

(iii) (blank);

(iv) this Section is subject to the release under supervision and the reparole and rerelease provisions of Section 3–3–10.

(b) The Board may revoke parole or mandatory supervised release for violation of a condition for the duration of the term and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration. The issuance of a warrant of arrest for an alleged violation of the conditions of parole or mandatory supervised release shall toll the running of the term until the final determination of the charge. When parole or mandatory supervised release is not revoked that period shall be credited to the term, unless a community-based sanction is imposed as an alternative to revocation and reincarceration, including a diversion established by the Illinois Department of Corrections Parole Services Unit prior to the holding of a preliminary parole revocation hearing. Parolees who are diverted to a community-based sanction shall serve the entire term of parole or mandatory supervised release, if otherwise appropriate.

(b–5) The Board shall revoke parole or mandatory supervised release for violation of the conditions prescribed in paragraph (7.6) of subsection (a) of Section 3–3–7.

(c) A person charged with violating a condition of parole or mandatory supervised release shall have a preliminary hearing before a hearing officer designated by the Board to determine if there is cause to hold the person for a revocation hearing. However, no preliminary hearing need be held when revocation is based upon new criminal charges and a court finds probable cause on the new criminal charges or when the revocation is based upon a new criminal conviction and a certified copy of that conviction is available.

(d) Parole or mandatory supervised release shall not be revoked without written notice to the offender setting forth the violation of parole or mandatory supervised release charged against him or her.

(e) A hearing on revocation shall be conducted before at least one member of the Prisoner Review Board. The Board may meet and order its actions in panels of 3 or more members. The action of a majority of the panel shall be the action of the Board. A record of the hearing shall be made. At the hearing the offender shall be permitted to:

(1) appear and answer the charge; and

(2) bring witnesses on his or her behalf.

(f) The Board shall either revoke parole or mandatory supervised release or order the person's term continued with or without modification or enlargement of the conditions.

(g) Parole or mandatory supervised release shall not be revoked for failure to make payments under the conditions of parole or release unless the Board determines that such failure is due to the offender's willful refusal to pay.

P.A. 77–2097, § 3–3–9, eff. Jan. 1, 1973. Amended by P.A. 77–2827, § 1, eff. Jan. 1, 1973; P.A. 78–255, § 61, eff. Oct. 1,

(d) 5-8-1

62 of 67

Case: 1:25-cv-05346 Document #: 1 Filed: 05/14/25 Page 44 of 47 PageID #:44

EXHIBIT W-U CONT.



INDICATING ALL STIPULATIONS MUST BE IN WRITING + SIGNED! NEVER GIVEN EXCLUSION ZONES!!

(12) not reside near, visit, or be in or about parks, schools, day care centers, swimming pools, beaches, theaters, or any other places where minor children congregate without advance approval of an agent of the Department of Corrections and immediately report any incidental contact with minor children to the Department;

(13) not possess or have under his or her control certain specified items of contraband related to the incidence of sexually offending as determined by an agent of the Department of Corrections;

(14) may be required to provide a written daily log of activities if directed by an agent of the Department of Corrections;

(15) comply with all other special conditions that the Department may impose that restrict the person from high-risk situations and limit access to potential victims;

(16) take an annual polygraph exam;

(17) maintain a log of his or her travel; or

(18) obtain prior approval of his or her parole officer before driving alone in a motor vehicle.

(c) The conditions under which the parole or mandatory supervised release is to be served shall be communicated to the person in writing prior to his or her release, and he or she shall sign the same before release. A signed copy of these conditions, including a copy of an order of protection where one had been issued by the criminal court, shall be retained by the person and another copy forwarded to the officer in charge of his or her supervision.

(d) After a hearing under Section 3-3-9, the Prisoner Review Board may modify or enlarge the conditions of parole or mandatory supervised release.

(e) The Department shall inform all offenders committed to the Department of the optional services available to them upon release and shall assist inmates in availing themselves of such optional services upon their release on a voluntary basis.

(f) (Blank).

P.A. 77-2097, § 3-3-7, eff. Jan. 1, 1973. Amended by P.A. 78-939, § 1, eff. July 1, 1974; P.A. 80-1099, § 3, eff. Feb. 1, 1978; P.A. 84-1305, Art. IV, § 403, eff. Aug. 21, 1986; P.A. 91-903, § 10, eff. Jan. 1, 2001; P.A. 92-460, § 5, eff. Jan. 1, 2002; P.A. 93-616, § 22, eff. Jan. 1, 2004; P.A. 93-865, § 5, eff. Jan. 1, 2005; P.A. 94-159, § 5, eff. July 11, 2005; P.A. 94-161, § 5, eff. July 11, 2005; P.A. 94-988, § 10, eff. Jan. 1, 2007; P.A. 95-464, § 5, eff. June 1, 2008; P.A. 95-539, § 5, eff. Jan. 1, 2008; P.A. 95-579, § 5, eff. June 1, 2008; P.A. 95-640, § 20, eff. June 1, 2008; P.A. 95-773, § 25, eff. Jan. 1, 2009; P.A. 95-876, § 355, eff. Aug. 21, 2008; P.A. 95-983, § 110, eff. June 1, 2009; P.A. 96-236, § 5, eff. Aug. 11, 2009; P.A. 96-262, § 10, eff. Jan. 1, 2010; P.A. 96-328, § 360, eff. Aug. 11, 2009; P.A. 96-362, § 5, eff. Jan. 1, 2010; P.A. 96-1000, § 620, eff. July 2, 2010; P.A. 96-1539, § 5, eff. March 4, 2011; P.A. 96-1551, Art. 2, § 1065, eff. July 1, 2011; P.A. 96-1551, Art. 10, § 10-155, eff. July 1, 2011; P.A. 97-50, § 10, eff. June 28, 2011; P.A. 97-531, § 5, eff. Jan. 1, 2012; P.A. 97-560, § 5, eff. Jan. 1, 2012; P.A. 97-597, § 955, eff. Jan. 1, 2012; P.A. 97-1109, § 15-65, eff. Jan. 1, 2013; P.A. 97-1150, § 670, eff. Jan. 25, 2013; P.A. 98-558, § 105, eff. Jan. 1, 2014; P.A. 99-628, § 30, eff. Jan. 1, 2017; P.A. 99-698, § 5, eff. July 29, 2016; P.A. 100-201, § 690, eff. Aug. 18, 2017; P.A. 100-260, § 10, eff. Jan. 1, 2018; P.A. 100-575, § 30, eff. Jan. 8, 2018; P.A. 101-382, § 5, eff. Aug. 16, 2019; P.A. 103-271, § 5, eff. Jan. 1, 2024.

## 5/3-3-8. Length of parole and mandatory supervised release; discharge

§ 3-3-8. Length of parole and mandatory supervised release; discharge.

(a) The length of parole for a person sentenced under the law in effect prior to the effective date of this amendatory Act of 1977 and the length of mandatory supervised release for those sentenced under the law in effect on and after such effective date shall be as set out in Section 5-8-1 unless sooner terminated under paragraph (b) of this Section.

(b) The Prisoner Review Board may enter an order releasing and discharging one from parole or mandatory supervised release, and his or her commitment to the Department, when it determines that he or she is likely to remain at liberty without committing another offense.

(b-1) Provided that the subject is in compliance with the terms and conditions of his or her parole or mandatory supervised release, the Prisoner Review Board shall reduce the period of a parolee or releasee's parole or mandatory supervised release by 90 days upon the parolee or releasee receiving a high school diploma, associate's degree, bachelor's degree, career certificate, or vocational technical certification or upon passage of high school equivalency testing during the period of his or her parole or mandatory supervised release. A parolee or releasee shall provide documentation from the educational institution or the source of the qualifying educational or vocational credential to their supervising officer for verification. Each reduction in the period of a subject's term of parole or mandatory supervised release shall be available only to subjects who have not previously earned the relevant credential for which they are receiving the reduction. As used in this Section, "career certificate" means a certificate awarded by an institution for satisfactory completion of a prescribed curriculum that is intended to prepare an individual for employment in a specific field.

(b-2) The Prisoner Review Board may release a low-risk and need subject person from mandatory supervised release as determined by an appropriate evidence-based risk and need assessment.

(c) The order of discharge shall become effective upon entry of the order of the Board. The Board shall notify the clerk of the committing court of the order. Upon receipt of such copy, the clerk shall make an entry on the record judgment that the sentence or commitment has been satisfied pursuant to the order.

(d) Rights of the person discharged under this Section shall be restored under Section 5-5-5.

(e) Upon a denial of early discharge under this Section the Prisoner Review Board shall provide the person on parole or mandatory supervised release a list of steps or requirements that the person must complete or meet to be granted an early discharge at a subsequent review and share the process for seeking a subsequent early discharge review under this subsection. Upon the completion of such steps or requirements, the person on parole or mandatory supervised release may petition the Prisoner Review Board to grant them an early discharge review. Within no more than 3[illegible] days of a petition under this subsection, the Prisoner Review Board shall review the petition and make a determination

P.A. 77-2097, § 3-3-8, eff. Jan. 1, 1973. Amended by P.A. 77-2827, § 1, eff. Jan. 1, 1973; P.A. 78-255, § 61, eff. Oct. 1, 1973; P.A. 79-813, § 1, eff. Oct. 1, 1975; P.A. 80-1099, § [illegible] eff. Feb. 1, 1978; P.A. 84-1301, § 1, eff. Aug. 19, 1986; P.A. 85-1209, Art. III, § 3-36, eff. Aug. 30, 1988; P.A. 90-59[illegible] Art. 2001, § 2001-40, eff. Jan. 1, 1999; P.A. 97-531, § 5, eff. Jan. 1, 2012; P.A. 98-558, § 105, eff. Jan. 1, 2014; P.A. 98

63 of 67

Mailed To Me By MacArthur Justice Center EXHIBIT 11-K

**A Guide to MSR Revocation, Good Time Credits, and Discharge Dates for Incarcerated People and People serving MSR Terms.**

Disclaimer: This guide is not and is not intended to be legal advice. The law around good time credit and discharge date is complex and constantly changing. Unfortunately, the MacArthur Justice Center does not have the capacity to provide individual representation for people challenging any aspect of their sentence or calculated time. For more information, please refer to the Illinois code sections cited below and the IDOC administrative directive number 01.07.424 enclosed with this guide.

**I was just arrested on an MSR violation. How long can I go back to prison for?**

In general, the PRB can only reincarcerate a person for the remainder of their MSR term. They calculate that by subtracting the number of days of MSR already spent in the community *before the date of the alleged parole violation* from the total term. Please refer to Illinois code section 730 ILCS 5/3-3-9(3). For instance, if a person has a 1-year MSR term, and serves 4 months of that term in the community before the date of the parole violation, then the PRB can order that they spend up to 8-months in prison.

The date of the alleged parole violation is not necessarily the same date that a person is arrested. When a parole officer believes that someone currently serving an MSR term in the community has violated a term of their MSR, the officer will declare the person a parole violator. The time between the date when the parole officer first alleges that someone is a parole violator and the date of the person's arrest for a parole violation does not count as time served toward the completion of an MSR term. IDOC calls this "lost time". For example, say a person has a 1 –year MSR term and is alleged as a violator after 4-months on MSR. IDOC then arrests the person one month later as a parole violator. That month does not count as time served toward the 1-year of MSR, and the person can be reincarcerated for 8-months.

While rare, the PRB can also order that you serve up to 1 additional year in prison by revoking the sentencing credit you earned during your initial prison term. For example, say a person receives a two-year sentence with day-for-day sentencing credit and 1 year of MSR. After serving 1 year in prison, the person is released onto 1-year of MSR. If that person has their MSR revoked after serving 6 months, the PRB can send a person to prison for up to 1 year and 6 months (one year of sentencing credit revoked + 6 months of MSR revoked). Please refer to 730 ILCS 5/3-3-9(3)(i)(B).

**Do I get credit toward my MSR term for the time I spend in jail or IDOC awaiting a revocation hearing?**

Yes, but not right away. The time between your initial arrest for an MSR violation and your final hearing before the big board does not immediately count toward your MSR term. If you or a loved one checks the IDOC website before your final revocation hearing, your discharge date will say "TO BE DETERMINED". Once the Big Board hears your matter, IDOC will then calculate a new discharge date depending on the outcome. Please refer to the enclosed IDOC administrative directive for further information.

If the PRB decides to resume you on MSR (in other words, release you back into the community), the amount of time spent in jail/IDOC plus good time credits you earned (see below) will be credited toward your MSR term.

Records Please Review

730 ILCS 5/3-3-9(3) (3)(i)(B)

730 ILCS 5/3-6-3

730 ILCS 5-8-1

Page 64 of 67

EXHIBIT H-K CONT.

If you were violated for being arrested for a new criminal offense ("box 1") and were convicted of a new offense, IDOC will credit the time spent in prison toward either your new sentence or your MSR term, depending on whether you were sentenced before or after you entered IDOC custody.

If you were revoked for a technical violation (any violation that is not a new criminal charge), you will receive credit for the time spent in jail/prison before your hearing before the Big Board toward completing MSR.

60 / 120

Regardless of why you were violated or the outcome of the hearing, you should also receive statutory sentencing credit for time spent awaiting a revocation hearing in jail/IDOC toward your MSR term, depending on your underlying conviction. In other words, if a person with a day-for-day sentence spent 30 days spent in jail/IDOC before seeing the PRB, that person should receive 60 days credit towards completing MSR. A person with an 85% sentence would receive 36-days of sentencing credit for 30 days spent in jail/IDOC. Refer to 730 ILCS 5/3-6-3 for information on sentencing credit.

**Can I earn time off of my MSR/parole term while in the community?**

No. Unfortunately, Illinois law requires that a person serve 100% of their MSR term while in the community.

**Can I earn time off of my MSR/parole term while incarcerated?**

Yes. If a person's MSR is revoked, they earn good time credits while in prison according to their underlying sentence. In other words, a person with a day-for-day sentence earns 50% off their MSR term; a person with an 85% sentence earns 4.5 days off their sentence per month; a person with a 75% sentence earns 7.5 days off their sentence per month. These are statutory sentencing credits, meaning that IDOC automatically assumes that you will receive all possible good time in recalculating your discharge date and can only take away credits for disciplinary infractions or "tickets".

**Who can answer my questions about my new discharge date?**

The IDOC Records Office is responsible for all discharge date calculations. IDOC policy is to provide you with your updated calculation sheet after your revocation hearing. Any issues with your calculation sheet should be raised with a counselor or the records office and not with the PRB. The PRB will not assist with discharge date calculation questions.

(2)

65 of 67

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

## Notice and Consent to Exercise of Jurisdiction By a United States Magistrate Judge

| Case Title: | | Case Number: | |
|---|---|---|---|
| | | Assigned Judge: | |
| v. | | | |
| | | Designated Magistrate Judge: | |

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to the currently designated magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* If all parties consent to have the currently designated United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of a final judgment, and all post-trial proceedings, they should sign their names below (electronically or otherwise). Should this case be reassigned to a magistrate judge other than the magistrate judge designated, pursuant to Local Rule 72.1, the undersigned may object within 21 days of such reassignment. If a timely objection is filed by any party, the case will be reassigned to the district judge before whom it was last pending. If no objection has been filed within 21 days, the parties will be deemed to have consented to the reassignment. NOTICE: This document is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Initial Status Report or proposed Case Management Order. Consult Local Rule [illegible] further information.

_____________ By:______________________________ ______________________________
Date Signature Name of Party or Parties

_____________ By:______________________________ ______________________________
Date Signature Name of Party or Parties

_____________ By:______________________________ ______________________________
Date Signature Name of Party or Parties

_____________ By:______________________________ ______________________________
Date Signature Name of Party or Parties

66 of 67